## Paul Wysocki, Appellee, v. Mineral Point Zinc Company, Appellant.

### Gen. No. 5095.

1. CONTRIBUTORY NEGLIGENCE—*in connection with use of machinery.* In determining the questions of contributory negligence and assumed risk arising by the servant's employment in connection with the use of machinery, the jury are warranted in taking into consideration the nature of such machinery, its surroundings and location.

2. MASTER AND SERVANT—*what does not absolve from duty to warn.* If a servant has some knowledge of the machinery about which he is employed the master is not absolved from his duty to warn him upon the creation of an extra-hazardous condition if such servant did not possess equal means of knowledge with the master.

Action in case for personal injuries. Appeal from the Circuit Court of Bureau county; the Hon. R. M. SKINNER, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed March 11, 1910.

**Statement by the Court.** The Mineral Point Zinc Company had in the ore crushing building in its zinc plant at Depue, Bureau county, a number of elevators. They were wide belts with ore cups attached, passing over two pulleys fastened on shafting. Seven of these elevators extended into pits below the floor and the

crushed ore was conducted to the cups near the floor of the pits through a spout and elevated as the belt moved. Elevator pit No. 2, located in the southeast portion of the building, was twelve feet long east and west by seven feet and eight inches north and south. It had a concrete floor seven feet and five and one half inches below the floor of the building. In the pit the elevator was enclosed in a wooden casing about five and one half feet long and two feet and seven and one half inches wide. There was a space between the casing and the end of the pit of about three feet and three inches. One of the wheels or pulleys over which the belt ran was inside the casing, on a shaft about two and one-eighth inches in diameter, which extended out on the north and south sides of the casing and revolved from fifty-eight to sixty times per minute. Iron bearings for the shaft were fastened on the outside of both sides of the casing and an iron frame holding the bearing with the wheel above, with which to adjust it. There was also a safety collar outside the bearing to hold the shafting in place, with a groove in it, in which was a set screw to hold the collar. At the top and between the safety collar and the bearing, was a cup used to oil the shaft and bearings. On December 6, 1905, Paul Wysocki, an employe of the company, while preparing to oil the shaftings in pit No. 2, had his right hand and sleeve caught under a piece of canvas hung over the shafting and his arm was so injured that later it was amputated. He brought this suit in the Circuit Court of Bureau county to recover damages for the injuries so sustained.

The declaration charged appellant with the duty of providing appellee with a reasonably safe place in which to work, and alleged that it failed so to do, also charged appellant with the duty of guarding and protecting the set screw in the collar, and alleged that it negligently permitted said set screw to project uncovered and unprotected from said collar, which condition was known to appellant and not known to ap-

pellee. Additional counts were filed containing the averments that appellant ordered appellee into the pit for the purpose of oiling shafting revolving at great speed while said shafting was concealed by a piece of canvas placed there by appellant; and that appellant negligently failed to warn him of the danger; that appellee did not know of, and did not possess equal means with appellant of knowing of such dangerous conditions, and that while carrying out express orders of appellant and in the exercise of due care for his own safety, he was caught by the set screw and injured. A trial resulted in a verdict for appellee of $8,000. Motions for a new trial and in arrest of judgment were overruled. Judgment was entered on the verdict and the company prosecutes this trial.

H. M. and CAIRO A. TRIMBLE, for appellant.

DUNCAN, DOYLE & O'CONOR, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Counsel for appellant base their argument for a reversal of this judgment on two grounds only; that appellee was injured by a risk which he assumed, and that his own negligence contributed to the injury. Appellee replies that after creating a new and additional hazard by placing the canvas over the shafting no instruction or warning was given him.

The evidence shows that appellee, a Lithuanian about thirty-five years of age, entered appellant's employ October 13, 1906, and worked as a common laborer unloading ore, laying track, sweeping floors, etc., until November 26, 1906, when he was set at work as day oiler in the ore crushing building; that on December 6, following, he went into pit No. 2 to oil the machinery and found a canvas over a part of the shafting; that he put his hand under it and tried to unscrew the oil cup; that the canvas caught

in the shaft catching his hand and sleeve. He testified that the only instruction he ever received was from appellant's superintendent Wray when he commenced work as oiler; that Wray told him to grease the machine; that Wray did not show him what machine he should grease; that he received no instructions or warnings of any kind; that he had nothing to do with Miller the foreman; that he never saw the canvas over the bearings until he went into the pit at the time he was hurt. Miller testified that he and Wray employed appellee; that he gave him instructions as to his duties and showed him where and how to oil and warned him to be careful; to look out, that it was dangerous; that he thought the canvas was placed over the shafting about the 29th of November; that he did not remember saying anything to appellee about it. Obert, appellant's night oiler, testified that the canvas was over the bearings about a week before appellee was hurt, and that Miller told him about it when he put it there. Obert was not present at the time of appellee's injury and claimed that nothing was said to him about the accident or conditions existing at that time, until about a year and a half after the occurrence; that he did not remember when appellee was injured but that appellee had been working as oiler for three or four months before he was hurt. He located the pit in which appellee was injured in the southwest corner of the building, but it was conceded that it was in the southeast. One witness testified that he cleaned out the pit three or four days before the accident and did not see the canvas covering the bearings. Appellant's superintendent Wray testified that appellee knew but little or no English; that it was necessary to communicate with him in broken sentences and by signs, and to point to objects in talking with him.

The questions of assumed risk and contributory negligence were questions of fact for the jury, since, under the proof, reasonable minds might reach different con-

clusions. Clark v. Chicago, Rock Island and Pacific Ry. Co., 231 Ill. 548. In the determination of these questions, the jury were warranted in taking into consideration the nature of this machinery, its surroundings and location in a dusty pit seven and a half feet deep substantially taken up by the elevator casing, and the fact that appellant had covered this rapidly revolving shaft with a loose canvas. It was their province to determine the conflict in the evidence as to the length of time the canvas had been there, and as to whether warning and instructions were given appellee. It is plain that appellee was only a common laborer who had no special knowledge of machinery, and it is doubtful if warning was given him when he commenced oiling, and clear that he was not warned after the canvas was placed over the shafting. Even though appellee had some knowledge of the machinery, appellant would not be absolved from its duty to warn him upon the creation of an extra hazardous condition, as appellee did not possess equal means of knowledge with appellant. We think the evidence justified the jury in finding that covering the shafting with the canvas created a new and hazardous risk not incident to appellee's employment; and that appellee was injured by this risk which he did not assume and of which he was not warned and had no knowledge, and that his own negligence did not in any way contribute to the injury.

The judgment is affirmed.

*Affirmed.*